Rudella et al., Appellants, *v.* Lofland.

Argued September 10, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Fred Lowenschuss,* with him *Snyder & Lowenschuss,* for appellant.

*Paul J. Senesky,* for appellee.

OPINION BY SPAULDING, J., November 14, 1968:

This is an appeal from an order of the County Court of Philadelphia awarding a new trial after a jury verdict for appellants. Appellants, plaintiffs below, instituted garnishment proceedings against appellee United National Insurance Company after obtaining a default judgment against Fred Lawson and appellee's insured, George Lofland. The actions arose out of an automobile accident in which a car owned by appellant Jones and operated by appellant Rudella was struck by an auto operated by Lawson and owned by Lofland. Appellee was the insurer of Lofland and the principal defense presented in the garnishment proceedings was that appellee had cancelled Lofland's policy prior to the date of the accident. This defense rested upon whether Lofland had received a "notice of cancellation" before the accident.

At trial, counsel for appellee requested permission to call Lofland as on cross-examination. This request was denied and no objection was made to the ruling.

Lofland was then called as appellee's witness. The jury returned verdicts in favor of both appellants. The court below granted appellee's motion for a new trial on the ground that it had erred in refusing appellee's request to call Lofland as on cross-examination. The sole question presented in this appeal is the correctness of the order granting the new trial.

Lofland's interest in the litigation was adverse to that of appellee and thus appellee was entitled to call him as on cross-examination under the Act of May 23, 1887, P. L. 158, §7, as amended by the Act of March 30, 1911, P. L. 35, §1, 28 P. S. §381. *Suckling v. Pennsylvania Threshermen and Farmers' Mutual Casualty Ins. Co.*, 426 Pa. 503, 233 A. 2d 279 (1967). However, *Suckling* holds that if no prejudice results from the failure to permit the insurance carrier to call the insured as on cross-examination, then the error is harmless and is not grounds for a new trial.

Lofland was originally called as a witness for the appellants and on this occasion appellee declined the opportunity to cross-examine. After appellee's request to call Lofland as on cross-examination was denied, appellee called him as its own witness. Only one question was asked on direct examination. On redirect examination, appellee, through the use of leading questions, secured an admission from Lofland that he did not recall whether he had received a notice of cancellation.

The lower court specifically found that under these circumstances the refusal to permit appellee to call Lofland as on cross-examination was not prejudicial and was harmless error, but nevertheless granted a new trial on the basis of the error. The denial of appellee's request was not prejudicial and the finding of the court below that the denial was harmless error was not incorrect. However, having made this finding, it

was error for the court below to have granted appellee's motion for a new trial. For this reason, the order of the court below is reversed.

MONTGOMERY, J., would affirm on the opinion of the lower court.

WATKINS and JACOBS, JJ., dissent.